UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

KENNETH DONNELLY, individually and on
behalf of all persons similarly situated,
BETTY IBRAHIM, individually and on behalf
of all persons similarly situated,

                           Plaintiff,

-vs-                                                          Case No. 5:06-cv-387-Oc-10GRJ

CIRCUIT CITY STORES, INC.,

                           Defendant.
_____

## O R D E R

This case is before the Court for consideration of Defendant Circuit City Stores, Inc.'s ("Circuit City") Rule 12(b)(6) Motion to Dismiss (Doc. 9), to which the Plaintiffs have responded (Doc. 14). The motion is ripe for review and the Court concludes that it is due to be denied.

### Background and Facts

The facts, as set forth in the Plaintiff's Class Action Complaint (Doc. 1), are as follows. The named plaintiffs, Kenneth Donnelly and Betty Ibrahim, are Florida residents and purportedly represent a class of Circuit City retail or consumer customers who were charged restocking fees when they returned previously purchased products to Circuit City

for a refund.  According to the Complaint, when the Plaintiffs purchased the products they received a receipt from Circuit City that stated as follows:

> If you're not completely satisfied with a product, Circuit City will gladly exchange or refund your purchase within 30 days of the sale except as noted below.
>
> Select products must be returned within 14 days of the sale date, and (except where prohibited by law) are subject to a restocking fee if returned opened or in a non-factory sealed box.

Plaintiff's Class Action Complaint at ¶ 30.

Plaintiff Donnelly purchased a computer from Circuit City and was charged a $75.00 restocking fee when he returned that computer because he "was not completely satisfied with the product."  Similarly, Circuit City charged Plaintiff Ibrahim a $60.00 restocking fee when she returned a laptop computer because she "was not completely satisfied with the product."  Both named plaintiffs returned the items within fourteen days of the sale date.

The Plaintiffs allege that the restocking fees were undisclosed at the time of purchase and were in contravention of a return guarantee promoted by Circuit City.  Further, the Plaintiffs allege that at no time prior to the purchase of the products were they informed of the amount of any restocking fee or, for that matter, that they had purchased a "select product" that was subject to a restocking fee.  The Plaintiffs further state that Circuit City was aware of the misleading nature of its practices due to customer complaints to various state attorney generals and on consumer web-sites.

In their Complaint, the Plaintiffs purport to state three claims for relief.[1]  Count One is entitled "Unjust Enrichment and Restitution" and alleges that Circuit City has been unjustly enriched by obtaining restocking fees by withholding information from the Plaintiffs concerning those fees.  In that Count, the Plaintiffs seek to have Circuit City refund all the restocking fees charged to the Plaintiffs.  In Count Two, the Plaintiffs allege that the parties entered into a contract for the sale of goods - a provision of which was the return guarantee - and that Circuit City breached that contract by failing to provide the Plaintiffs with the full purchase price of the returned products.  In Count Three, entitled "Negligence," the Plaintiffs allege that Circuit City owed the Plaintiffs a duty:

> to use reasonable care in promoting, supplying, and selling its products with the Circuit City return guarantee and to disseminate truthful and complete information about the Circuit City return guarantee prior to entering into a contractual relationship with Plaintiffs and other members of the Class.

Plaintiff's Class Action Complaint at ¶ 68.  The Plaintiffs allege that Circuit City breached this duty by, among other things, "omitt[ing] and misrepresent[ing] material facts about the Circuit City guarantee" and "conceal[ing] and misrepresent[ing] those products that constituted a 'select product' for purposes of the Circuit City guarantee."

The Defendants have moved to dismiss each Count of the Complaint.  The Defendants contend that the Plaintiff's negligence claim is barred by the economic loss

---

[1] Each Count contains the following language: "Plaintiffs specifically exclude from this Count all allegations sounding in fraud."

rule, the existence of an express contract bars the unjust enrichment claim, and the Plaintiffs "fail to state a cause of action for breach of contract."

## Motion to Dismiss Standard

In passing on a motion to dismiss under Rule 12(b)(6), the Court is mindful that "[d]ismissal of a claim on the basis of barebones pleadings is a precarious disposition with a high mortality rate." Int'l Erectors, Inc. v. Wilhoit Steel Erectors Rental Serv., 400 F.2d 465, 471 (5th Cir. 1968). As the Supreme Court declared in Conley v. Gibson, a complaint should not be dismissed for failure to state a claim unless it appears "beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." 355 U.S. 41, 45-46, 78 S. Ct. 99, 101-02, 2 L. Ed. 80 (1957); see also Cook & Nichol, Inc. v. The Plimsoll Club, 451 F.2d 505 (5th Cir. 1971). Thus, if a Complaint "shows that the Plaintiff is entitled to any relief that the Court can grant, regardless of whether it asks for the proper relief," it is sufficiently plead. Dotschay v. Nat'l Mut. Ins. Co., 246 F.2d 221, 222 (5th Cir. 1957). The Federal Rules of Civil Procedure "do not require a claimant to set out in detail the facts upon which he bases his claim." Conley, 355 U.S. at 47. Instead, all that is required is that the claimant set forth a "short and plain statement of the claim" sufficient to give the defendant "fair notice of what the plaintiff's claim is and the grounds upon which it rests." Id.

**Discussion**

***a.   Breach of Contract***

In its motion, Circuit City asserts that the Plaintiffs' breach of contract claim must be dismissed because "to state a cause of action for breach of contract, Plaintiffs must allege facts sufficient to show that Circuit City breached the parties' contract when it charged them a restocking fee" and the "Plaintiffs cannot do so." Circuit City is mistaken. Such an argument simply does not comport with the standard for pleading in federal court. Federal Rule of Civil Procedure 8(a) requires that a plaintiff's complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief."[2] The Plaintiffs have properly pled a claim sounding in breach of contract; they have pled the existence of a contract, its breach and damages. See Boim v. Nat'l Data Prods., Inc., 932 F. Supp. 1402, 1405 (M.D. Fla. 1996). Indeed, the allegations presented are more than sufficient to give the defendant "fair notice of what the plaintiff's claim is and the grounds upon which it rests." Conley, 355 U.S. at 47. Accordingly, it appears clear to the Court that the Plaintiff has met the very minimal pleading requirements necessary to survive a Rule 12(b)(6) motion to dismiss.[3]

---

[2] Compare Federal Rule of Civil Procedure 8(a) with Florida Rule of Civil Procedure 1.110(a), which states that a complaint in Florida state court must contain: "a short and plain statement of the ultimate facts showing that the pleader is entitled to relief." (emphasis added). Also compare Federal Rule of Civil Procedure 12(b)(6) with Florida Rule of Civil Procedure 1.140(b)(6), which provides for a motion based upon a "failure to state a cause of action." (emphasis added). These rules are not to be confused.

[3] In addition, Circuit City's argument that it "did not breach any of the duties it owed to
(continued...)

### *b.     Unjust Enrichment*

Circuit City moves to dismiss the Plaintiffs' unjust enrichment claim on the basis that it is barred by the Plaintiffs' claim for breach of contract. Namely, Circuit City asserts that the Plaintiffs have failed to allege the absence of an adequate legal remedy, noting that the Plaintiffs have instead affirmatively pled the existence of an express contract.

Circuit City is correct that the existence of an adequate remedy at law will defeat a claim for unjust enrichment. Shibata v. Lim, 133 F. Supp. 2d 1311, 1316 (M.D. Fla. 2000) ("Proof of an express contract between parties to a contract defeats a claim for unjust enrichment.").[4] However, Federal Rule of Civil Procedure 8(a) states that: "Relief in the alternative or of several different types may be demanded." Although the Plaintiffs do not expressly state in their Complaint that they are pleading in the alternative, the question before the Court at this stage in the proceedings is whether the Complaint "shows that the Plaintiff is entitled to any relief that the Court can grant, regardless of whether it asks for the proper relief." Dotschay, 246 F.2d at 222. Indeed, the Plaintiffs have asserted in their

---

[3](...continued)
Plaintiffs when it charged them a restocking fee" is not appropriate at this point in the proceedings.

[4] Circuit City cites Am. Honda Motorcycle Co., Inc. v. Motorcycle Info. Network, Inc., 390 F. Supp. 2d 1170, 1178 (M.D. Fla. 2005) for the proposition that "to properly state a claim for unjust enrichment, a party must allege that no adequate legal remedy exists." However, in that case, the plaintiff sought relief pursuant to a statutory scheme - the Florida Deceptive and Unfair Trade Practices Act - and its statute-based claim was predicated on the same set of allegations that supported its claim for unjust enrichment. Thus, it was clear that an adequate remedy existed at law. Here, in contrast, the Plaintiffs have alleged in the alternative a cause of action based upon breach of contract. Pleading in that manner is permissible under federal and Florida law and does not run afoul of the reasoning in American Honda Motorcycle.

Response that they are pleading in the alternative, and, as the Court interprets the Complaint, the Plaintiffs have done so.

Moreover, it is well-settled in this Circuit that breach of contract and unjust enrichment may be pled in the alternative. See Shibata v. Lim, 133 F. Supp. 2d 1311, 1316-17 (M.D. Fla. 2000) ("Defendant is correct that a plaintiff cannot recover under both unjust enrichment and breach of contract. However, both the Federal Rules of Civil Procedure and Florida law permit a party to allege, in the alternative, recovery under an express contract and seek equitable relief under the theory of unjust enrichment."). In a case such as this, alternate pleading allows for a plaintiff's case to proceed in the face of uncertainty as to the existence of a contract or, perhaps, uncertainty as to whether the particular issue at hand falls within the ambit of a contract that otherwise exists between the parties. The Court notes that while the Plaintiffs may proceed under alternate theories of recovery at this stage in the proceedings, it is clear that they cannot recover under theories of both breach of contract and unjust enrichment. See Dah Chong Hong, Ltd. v. Silk Greenhouse, Inc., 719 F. Supp. 1072, 1074 (M.D. Fla. 1989) ("Plaintiff agrees with the allegation of the motion that a claim for unjust enrichment is not available where there exists an enforceable agreement. However, Plaintiff alleges that he should be allowed to plead unjust enrichment as an alternative to the breach of contract claim. The Court agrees."). Indeed, the Plaintiffs recognize that their theories are "mutually exclusive," at least insofar as recovery under both theories is not permissible. Plaintiffs' Response at 14.

### *c.     Negligence*

Circuit City asserts that the Plaintiffs' claim of negligence is barred by the economic loss rule. In Florida, "the economic loss rule has been applied in two different circumstances." Indem. Ins. Co. v. Am. Aviation, Inc., 891 So. 2d 532, 536 (2004). "The first is when parties are in contractual privity and one party seeks to recover damages in tort for matters arising from the contract" and the second involves product liability. Id. Here, we are concerned with the former. In American Aviation, the Florida Supreme Court "expressly limited" the economic loss rule in Florida, and held that "when parties have negotiated remedies for nonperformance pursuant to a contract, one party may not seek to obtain a better bargain than it made by turning a breach of contract into a tort for economic loss." Id. at 542. In addition, the court reaffirmed "that in cases involving [] privity of contract . . . the other exceptions to the economic loss rule that we have developed, such as . . . negligent misrepresentation, . . . still apply. Id. at 543; see Cowley v. Nero, 693 So. 2d 120, 121 (Fla. 2d DCA 1997) (Where "negligent misrepresentation in the formation of a contract [is] alleged, the economic loss rule does not bar the tort action based on such representations.").

Although the Plaintiffs did not entitle Count Three "Negligent Misrepresentation," it is clear to the Court that the Plaintiffs have made allegations in that Count sufficient to state a claim under such a theory. In addition, the allegations in the Plaintiffs' claim of negligence are separate and distinct from the allegations of breach of contract; the allegations of negligence do not concern Circuit City's performance under - and alleged

8

breach of - the contract by charging the Plaintiffs a restocking fee, but instead concern Circuit City's alleged negligent misrepresentation - prior to the sale of the returned product - of the <u>terms</u> of the guarantee, including which products were "select products" subject to a restocking fee.[5]  Cf. <u>Royal Surplus Lines Ins. Co. v. Coachman Indus., Inc.</u>, 184 Fed. Appx. 894, 902 (11th Cir. 2006) (finding that the economic loss rule barred the plaintiffs' claims of fraud and negligent misrepresentation: "[the plaintiffs'] tort claims were based on the allegation that appellees concealed damaging information from it, the same information that provided the basis for the breach of contract claim," namely, a claim of breach of the duty to cooperate by concealing that information).[6]  Accordingly, the Court finds that the Plaintiffs' claim of negligence is not barred by the economic loss rule because they have

---

[5] The key difference in these claims concerns the question of whether the restocking fee was a term of the contract.  In essence, the Plaintiffs allege in the breach of contract claim that Circuit City breached the contract by charging the Plaintiffs a restocking fee not permitted by the contract; and, alternatively, allege in the negligence claim that Circuit City induced the Plaintiffs to enter into a contract that permitted the charged restocking fee by negligently misrepresenting the terms of that contract.  Accordingly, the claims for breach of contract and negligence are factually mutually exclusive and the plaintiff may not ultimately recover under both theories.  The Plaintiffs may move forward at this stage in the proceedings because the terms of the contract have not been established.

[6] <u>See</u> <u>also</u> <u>Genron Enters. v. Metecno Panel Sys.</u>, 2006 WL 1000320, * 4 (April 17, 2006) ("Exceptions to [the economic loss rule] exist under limited circumstances, such as for intentional or negligent acts considered to be independent from the acts that breached the contract, for example, for fraud in the inducement and negligent misrepresentation.  A tort is independent where it requires proof of facts separate and distinct from the breach of the contract.  The distinction must therefore be made between misrepresentations relating to the breaching parties performance of the contract and misrepresentations constituting a term of the parties' bargain.") (citations omitted).

alleged a claim of negligent misrepresentation sufficient to meet the very minimal pleading requirements necessary to survive a Rule 12(b)(6) motion to dismiss.

Finally, the Court notes that a claim of negligent representation, like a claim of breach of contract, is a remedy at law. Thus, although for now the Court is allowing the Plaintiffs to proceed with their Complaint intact, the Plaintiffs will ultimately be able to move forward - at most - under either: a claim of unjust enrichment; a claim of breach of contract; or a claim of negligent misrepresentation.

## Conclusion

Accordingly, upon due consideration, Defendant Circuit City, Inc.'s Motion to Dismiss (Doc. 10) is DENIED in all respects.

IT IS SO ORDERED.

DONE and ORDERED at Ocala, Florida this 22nd day of March, 2007.

*[signature]*

UNITED STATES DISTRICT JUDGE

Copies to:   Counsel of Record
             Maurya McSheehy